**JENNIFER WILLIS ARLEDGE**
Nevada Bar No. 008729
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
300 South Fourth St., 11th Floor
Las Vegas, NV 89101
PHONE (702) 727-1400
FAX (702) 727-1401
Jennifer.Arledge@wilsonelser.com

**CHAD J. LAYTON (Admitted Pro Hac Vice)**
**MITCHELL P. MORINEC**
**SEGAL McCAMBRIDGE SINGER**
**& MAHONEY, LTD.**
Willis Tower
233 South Wacker Drive, Suite 5500
Chicago, IL 60606
PHONE (312) 644-3533
CLayton@SMSM.com
MMorinec@SMSM.com

*Attorneys for Defendant I-Flow Corporation*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| REBECCA and CHARLES GRAHAM, On behalf of Minor Child, JUSTIN GRAHAM, <br><br>Plaintiffs,<br><br>v.<br><br>I-FLOW CORPORATION,<br><br>Defendant. | Case No. 2:09-cv-00531-KJD-RJJ |

**DEFENDANT I-FLOW CORPORATION'S AGREED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION TO STRIKE CERTAIN OPINIONS OF WAYNE Z. BURKEHEAD, JR., M.D. AND TIMOTHY J. BUDACKI, MS, CPSM**

(First Request)

COMES NOW Defendant I-Flow Corporation by and through its counsel of record and hereby requests an extension of time to respond to Plaintiffs' Motion to Strike Certain Opinions of Wayne Z. Burkehead, Jr., M.D. and Timothy J. Budacki, MS, CPSM which was filed on February

218893.1

25, 2011. This Motion is made pursuant to LR 6-1 and in supported by the Declaration of Jennifer Willis Arledge, Esq., attached hereto. Plaintiff agrees to the relief requested herein.

Dated this 14th day of March, 2011

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

BY *Jennifer W. Arledge*
JENNIFER WILLIS ARLEDGE
300 SOUTH FOURTH ST., 11TH FLOOR
LAS VEGAS, NV 89101
Attorney for Defendant, I-Flow Corporation

## POINTS AND AUTHORITIES

### I. FACTUAL BACKGROUND

In this case Plaintiffs claim that an infusion pump manufactured by Defendant I-Flow Corporation ("I-Flow") that was used for post-operative pain relief following shoulder surgery caused Plaintiff Justin Graham to develop a condition known as chondrolysis. Defendant I-Flow disputes all claims.

### II. REQUEST FOR EXTENSION

On February 25, 2011, Plaintiffs filed their Motion to Strike Certain Opinions of Wayne Z. Burkehead, Jr., M.D. and Timothy J. Budacki, MS, CPSM, pursuant to FRCP 702 ("Motion to Strike") (Doc. No. 84). The Motion to Strike seeks to exclude two of I-Flow's key liability expert witnesses, Dr. Burkehead (a Board Certified Orthopedic Surgeon) and Mr. Budacki (a product safety human factors expert specializing in medical device and product risk management). These experts are critical as their opinions go to the very heart of I-Flow's defense in this matter. Declaration of Jennifer Willis Arledge, Esq. at 6. Moreover, the opinions for which they have been retained and the

2

218893.1

basis for which Plaintiffs seek to exclude them are very technical medical and scientific opinions, requiring detailed analysis and likely rebuttal opinions that will take time to obtain. Due to the importance of these opinions, I-Flow will suffer extreme prejudice if it is not afforded an adequate opportunity to fully respond to the Motion to Strike. Declaration at 6.

Plaintiff's counsel has agreed to the relief requested herein.

The parties reached the agreement expressed herein after I-Flow had drafted the instant motion. While I-Flow is filing the instant motion in light of the filing deadline, the parties have agreed to file a stipulation concerning the relief requested herein.

A. **Basis for extension.**

Unfortunately, Counsel for I-Flow made an internal docketing error in calendaring the response to the Motion to Strike and is unable to prepare a response by the current deadline of March 14, 2011. Declaration at 3. Moreover, given the complex medical and scientific issues raised in the Motion to Strike and counsel's current case load, I-Flow requires additional time to prepare a response. Twenty-one days is requested.

The reason twenty-one additional days are needed is that SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD., which serves as national counsel for I-Flow, is presently involved in litigating numerous infusion pump cases nationwide. Declaration at 8. SEGAL McCAMBRIDGE has specialized knowledge of I-Flow's product, as well as the medical and scientific expertise to respond to the Motion to Strike. Declaration at 7. At the present time, the attorneys assigned to handle this matter have scheduling conflicts that make it very difficult to respond to the Motion to Strike any earlier than twenty-one days. Declaration at 8.

Finally, the Motion to Strike has 25 exhibits, three of which are lengthy deposition transcripts of Dr. Burkehead and Mr. Budacki taken in other cases. The volume and complexity of materials

218893.1

involved in the Motion to Strike do not lend themselves to the traditional 14-day response time in this jurisdiction. Further, since the Motion to Strike involves their expert opinions, it is likely that Dr. Burkehead and Mr. Budacki themselves will need to be consulted in preparing a response. Their availability for consultation is unknown but their schedules must be taken into consideration. These are all factors which should be taken into consideration when deciding if 21 additional days to respond are appropriate.

### B.  Good faith efforts to resolve with opposing counsel.

As soon as I-Flow realized that the deadline to respond to the Motion to Strike was upon it, counsel for I-Flow contacted counsel for Plaintiffs to request a stipulation to an extension. Declaration at 4. I-Flow recently granted Plaintiffs a seven-day extension to respond to various motions filed by I-Flow on February 25, 2011. A Stipulation to that effect was submitted by Plaintiffs on March 11, 2011 (Doc. No. 95). Counsel for Plaintiff has agreed to the relief requested by I-Flow in the instant motion. Declaration at 4. The filing of the instant Motion was necessary in an abundance of caution and in order to make a timely request in accordance with LR 6-1(b).

## III.  CONCLUSION

For the foregoing reasons, I-Flow requests that it be granted a 21-day extension to respond to Plaintiffs' Motion to Strike Certain Opinions of Wayne Z. Burkehead, Jr., M.D. and Timothy J. Budacki, MS, CPSM.

Dated this 14th day of March, 2011

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

BY _____
JENNIFER WILLIS ARLEDGE
300 SOUTH FOURTH ST., 11TH FLOOR
LAS VEGAS, NV 89101
Attorney for Defendant, I-Flow Corporation

IT IS SO ORDERED.
_____
UNITED STATES MAGISTRATE JUDGE
DATE: MAY 17, 2011

4

218893.1

## DECLARATION OF JENNIFER WILLIS ARLEDGE, ESQ.

STATE OF NEVADA         )

COUNTY OF CLARK SS   )

I, Jennifer Willis Arledge hereby state

1. I am an attorney at law licensed to practice in the State of Nevada and before this Court.

2. I make this Declaration in Support of DEFENDANT I-FLOW CORPORATION'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION TO STRIKE CERTAIN OPINIONS OF WAYNE Z. BURKEHEAD, JR., M.D. AND TIMOTHY J. BUDACKI, MS, CPSM;

3. Counsel for I-Flow made a docketing error and, inadvertently, did not properly calendar the deadline to respond to PLAINTIFFS' MOTION TO STRIKE CERTAIN OPINIONS OF WAYNE Z. BURKEHEAD, JR., M.D. AND TIMOTHY J. BUDACKI, MS, CPSM;

4. Upon learning of the docketing error, I-Flow contacted Plaintiffs' counsel and requested an extension of time to file a response brief. Counsel for I-Flow, Chad Layton, has advised me that he has reached an agreement with Plaintiffs' counsel, who has agreed to requested extension of 21 days. The parties will shortly file a stipulation regarding this matter.

5. I-Flow prepared the instant motion before it was able to reach an agreement with Plaintiff's counsel. Out of an abundance of caution, it was decided that I-Flow should file the instant motion to extend.

6. The Motion to Strike filed by Plaintiffs seeks to strike two of I-Flow's critical liability experts. If I-Flow is not permitted to respond to the Motion to Strike it will suffer extreme prejudice.

218893.1

7.  Segal McCambridge serves as national counsel for I-Flow due to their specialized knowledge of I-Flow's product and medical and scientific expertise.

8.  Segal McCambridge will be taking primarily drafting responsibility for the response to the Motion to Strike and have informed me that their current case load consists of numerous infusion pump cases filed throughout the nation. At the present time, the Segal McCambridge attorneys working on this matter have advised me that they have scheduling conflicts that make responding to the Motion to Strike within the next 21 days very difficult.

March 14, 2011
Date

Jennifer Willis Arledge

6

218893.1